IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION



JERRY BEST and LINDA K. BEST      PLAINTIFFS

VS.

LAWRENCE JOHNSON, Individually and in his
Official Capacity as Chief of Police for the City of
Little Rock; ERNEST WHITTEN, In his Official
Capacity as a Lieutenant with the Little Rock Police
Department; SUE JOHNSON, Individually and in
her Official Capacity as a police officer for the City
of Little Rock; and the CITY OF LITTLE ROCK      DEFENDANTS

4-03-CV-00841

## COMPLAINT

Come now the Plaintiffs, by and through their attorney, Robert A. Newcomb, and for their cause of action, states:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1341 as authorized by 42 U.S.C. § 1983 to enforce rights secured to the Plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States.

2. Venue is proper in this District and Division in that all parties are residents of the Eastern District of Arkansas.

### PARTIES

3. The Plaintiff, Jerry Best, at all times material to this cause of action, was a citizen of the State of Arkansas, residing in Perry County, Arkansas. The Plaintiff is employed by the City of Little Rock Police Department as a patrolman.

4. The Plaintiff, Linda K. Best, at all times material to this cause of action, was a citizen of the State of Arkansas, residing in Perry County, Arkansas, and is the wife of Plaintiff, Jerry Best.

5. The Defendant, Lawrence Johnson, at all times material to this cause of action,

was Chief of Police for the City of Little Rock, acting under color of state law and policies of the City of Litle Rock. Defendant Johnson being sued individually and in his official capacities.

6. The Defendant, Ernest Whitten, at all times material to this cause of action, was a Lieutenant supervising the operations of the Little Rock Police Department's Internal Affairs Division. Defendant Whitten is a resident of Pulaski County, Arkansas, and is being sued only in his official capacity.

7. The Defendant, Sue Johnson, at all times material to this cause of action was a resident of Pulaski County, Arkansas, employed by the City of Little Rock as a police officer. Defendant Johnson is being sued both individually and in her official capacity.

8. The City of Little Rock is a municipal corporation located in Pulaski County, Arkansas.

## FACTS

9. Defendant Lawrence Johnson, acting under color of state law, on or about July 10th, 2003, authorized Defendant Whitten to cause the seizure of papers belonging to the Plaintiffs.

10. When Defendant Johnson authorized the seizure of the financial records of the Plaintiffs, he did not have judicial authorization to do so.

11. The Little Rock Police Department has a policy approved by the City of Little Rock requiring police officers to fully cooperate with Internal Affairs investigations subject to being disciplined for failing to do so.

12. The Defendant, Sue Johnson, acting under color of state law, requested that Police Chief Lawrence Johnson assist her in obtaining the private fiancial records of the Plaintiffs using the authority of the Chief of Police and the power given to him by the City of Little Rock to give direct orders to subordinate officers such as the Plaintiff.

13. On or about July 10, 2003, Defendant Whitten ordered the Plaintiff, Jerry Best,

to sign releases authorizing the Little Rock Police Department to seize and obtain copies of all financial records of both Plaintiff Jerry Best, and his wife, Plaintiff Linda Best.

14. The City of Little Rock as a policy, practice and custom, has seized property of police officers without judicial authorization, knowing that such conduct has been found by the United States Court of Appeals for the Eighth Circuit to be a violation of police officers' Fourth Amendment rights.

15. On or about July 10th, 2003, Defendant Sue Johnson told Plaintiff Jerry Best that the records demanded were part of an official Internal Affairs Investigation and he was required to cooperate, thereby authorized by city policy.

16. The Plaintiff, Jerry Best, requested on July 10th, the opportunity to consult with counsel prior to executing any documents authorizing the Little Rock Police Department to obtain his private financial records without prior judicial authorization, and Defendant Whitten refused.

17. The Defendants seized the papers of the Plaintiff without prior judicial authorization.

18. The City of Little Rock has failed to give training to its employees regarding the seizure of personal property belonging to police officers, even after being put on notice of the need for such training by the decision in *Lesher v. Reed, et al.*, 12 F.3d. 148 (8th Cir. 1994).

### RELIEF REQUESTED

19. The Plaintiffs request that this Court enter an injunction against the Defendants in their official capacities requiring that they return all documents seized or obtained as a result of the releases signed by the Plaintiff, to the Plaintiff.

20. That this Court enter an injunction ordering that all information obtained from the records and papers of the Plaintiff be destroyed.

21. That this Court enter an injunction prohibiting the Little Rock Police Department from using any information that they have obtained to discipline the Plaintiff or

release it to any other agencies of government.

22. That this Court enter judgment against Defendants Sue Johnson and Lawrence Johnson, individually, together with the City of Little Rock, for compensatory damages for the violation of the Plaintiffs' Fourth Amendment rights and the mental anguish caused thereby.

23. This Court should enter judgment against Defendants Sue Johnson and Lawrence Johnson, individually, for punitive damages for the willful violation and deliberate indifference to the Fourth Amendment rights of the Plaintiffs.

24. Pursuant to 42 U.S.C. § 1988, this Court should award reasonable attorney's fees and litigation costs.

## JURY TRIAL DEMANDED

25. The Plaintiffs hereby request a trial by jury.

WHEREFORE, it is respectfully prayed that this Court will grant the Plaintiffs the relief requested herein and such other relief to which they are entitled.

Respectfully submitted,

Robert A. Newcomb, #73087
Attorney at Law
P.O. Box 149
Little Rock, AR 72203
(501) 372-5577